UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                          Chapter 13
    Compton C. Maddux & Eve E. Mory.

                                                            Case No. 15-22312 (rdd)

                              Debtor(s).
-----------------------------------------------------------x

## LOSS MITIGATION REQUEST – BY THE DEBTOR

I am a Debtor[1] in this case. I hereby request Loss Mitigation with respect to 97 1st Ave. Nyack NY 10960, *last four 7563 of Loan account number and Creditor, to The Officer of BSI Financial Services, Inc. 314 S. Franklin Street Titusville, PA 16354* :

**SIGNATURE**

I have reviewed the Loss Mitigation Program Procedures, and I understand that if the Court orders Loss Mitigation in this case, I will be bound by the Loss Mitigation Program Procedures. I agree to comply with the Loss Mitigation Program Procedures, and I will participate in Loss Mitigation in good faith. I understand that Loss Mitigation is voluntary for all parties, and that I am not required to enter into any agreement or settlement with any other party as part of this Loss Mitigation. I also understand that no other party is required to enter into any agreement or settlement with me. I understand that **I am not required to request dismissal of this case** as part of any resolution or settlement that is offered or agreed to during the Loss Mitigation period.

The Debtor hereby permits the Creditor listed above to contact (check all that apply):

    ☒ The Debtor directly.
    ☐ Debtor's bankruptcy counsel.
    ☐ Other: _____.

Sign: _____ Date: March 11, 2015
Sign: _____ Date: March 11, 2015
Print Name: Compton C. Maddux & Eve E. Mory
Telephone Number:    914-715-1310
E-mail address (if any):

---

[1] Unless otherwise provided herein, all capitalized terms are defined in the Southern District of New York's Loss Mitigation Program Procedures. The Loss Mitigation Program Procedures' definition of "Debtor" includes joint debtors.

Page **1** of **1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:

   Compton C. Maddux & Eve E. Mory             Case No. 15-22312 (rdd)
                                                                   Chapter 13

                        Debtor(s).
------------------------------------------------------------x

## LOSS-MITIGATION ORDER

A Loss Mitigation Request[1] was filed by the

    ☐ Debtor on *[Date]* _March 11, 2015;

    ☐ Creditor on *[Date]* _____, 20__;

    ☐ The Court raised the possibility of Loss Mitigation on *[Date]* _____, 20__.

Pursuant to the Loss Mitigation Program Procedures, the parties have had notice and an opportunity to object. Upon the foregoing, it is hereby

**ORDERED**, that the following parties (collectively, the "Loss Mitigation Parties") are directed to participate in Loss Mitigation on Loan ending in 7563 *[last four (4) digits of Loan account number]*:

    1. The Debtor, *[Compton C. Maddux & Eve E. Mory*; and

    2. The Creditor, To the Officer of BSI Financial Services, Inc. 314 S. Franklin Street Titusville, PA 16354. with respect to 97 1st Ave. Nyack NY 10960.

**ORDERED**, that the Loss Mitigation Parties shall comply with the Southern District of New York Loss Mitigation Program Procedures; and it is further

**ORDERED**, that the Loss Mitigation Parties shall observe the following deadlines:

    **1. Within 7 days of the entry of this Order:**

---

[1] Unless otherwise provided herein, all capitalized terms are defined in the Southern District of New York's Loss Mitigation Program Procedures.

                                                                                                                              Page 1 of 5

- **Service of this Order:** The Loss Mitigation Party seeking Loss Mitigation shall serve this Order upon the other Loss Mitigation Parties and any additional parties that were served with the Loss Mitigation Request. Upon service of this Order, an affidavit of service shall be filed with the Court.

2. **Within 7 days of the service of the Loss Mitigation Order:**

    - **Designation of Contact Persons:** Each Loss Mitigation Party shall designate contact persons and disclose contact information, unless this information has been previously provided. As part of this obligation, the Creditor shall furnish each Loss Mitigation Party with written notice of the name, address and direct telephone number of the person who has full settlement authority on the loan in question as well as the attorney or law firm representing the Creditor in the Loss Mitigation; and

    - **Creditor Loss Mitigation Affidavit:** The Creditor shall serve upon the Debtor and Debtor's attorney a request for information using the *"Creditor Loss Mitigation Affidavit"*[2] form and shall file the *"Creditor Loss Mitigation Affidavit"* form and proof of service of same on the Court's Electronic Case Filing System (ECF). The Creditor may designate its contact and attorney in the *"Creditor Loss Mitigation Affidavit."*

3. **Within 14 days of the service of the Creditor Loss Mitigation Affidavit:**

    - **Debtor Loss Mitigation Affidavit:** The Debtor shall serve upon the Creditor all documents requested in a response to Creditor's request for information using the *"Debtor Loss Mitigation Affidavit"* and Debtor shall file proof of service of said documents using the *"Debtor Loss Mitigation Affidavit"* on ECF. All documents shall be sent in one complete package and served upon the Creditor's designated contact person and the Creditor's attorney.

4. **Within 21 days of the service of the Debtor Loss Mitigation Affidavit:**

    - **Conference Call:** The Loss Mitigation Parties and their attorneys shall participate in a conference call to discuss the status of Loss Mitigation.

    - **Second Creditor Loss Mitigation Affidavit (if any):** The Creditor shall file on ECF and serve upon the Debtor and Debtor's counsel a second *"Creditor Loss Mitigation Affidavit"* setting forth any additional financial documents required from the debtor(s), including, if applicable, a detailed description of any inconsistencies found by the Creditor in the Debtor's documents that

---

[2] Italicized words in quotations indicate that there is a form by the same name on the Bankruptcy Court's website. These forms shall be used whenever applicable.

Page 2 of 5

requires further clarification and the clarification required, together with an affidavit of service for same. *<u>Failure to timely file the "Creditor Loss Mitigation Affidavit" requesting additional documents or explanations of inconsistences, if any, may result in the Creditor waiving its right to obtain addition financial information from the Debtor and said Creditor may be required to accept the Debtor's representations regarding income or other financial matters;</u>*

5. **Within 14 days of the service of the Second Creditor Loss Mitigation Affidavit:**

   o **<u>Second Debtor Loss Mitigation Affidavit (if any):</u>** The Debtor shall provide any requested information to the Creditor and file on ECF a second *"Debtor Loss Mitigation Affidavit"* demonstrating service of same upon the Creditor.

6. **Within 60 days of the service of the Loss Mitigation Order:**

   o **<u>Second Conference Call:</u>** The Loss Mitigation Parties and their attorneys shall participate in a second conference call if any documents remain outstanding.

   o **<u>Status Report:</u>** The Loss Mitigation Parties shall file a status report in the form of a letter evidencing compliance with this Order and updating the Court on the status of the Loss Mitigation and summarizing the conference call.

7. **Within 75 days of service of the Loss Mitigation Order:**

   o **<u>Status Conference:</u>** An first status conference shall be held in this case on *[check Court's website for a Loss Mitigation hearing date within 75 days of the service of this Order]* at 9:30 AM *at* the United States Bankruptcy Court located at <u>    300    Quarropas    Street    White Plains, NY 10601    </u> (the "Initial Status Conference"). The Loss Mitigation Parties shall appear at the Status Conference and provide the Court with a verbal Status Report. *The Initial Status Conference cannot be adjourned without permission of the Court and consent of the other Loss Mitigation Parties.*

   - If the Debtor has failed to provide any and all of the requested documents prior to the Initial Status Conference, *the Debtor shall appear* at the Initial Status Conference *with said documents* or be prepared to testify as to why the Debtor has failed to provide them.

   - Should Debtor fail to provide to the Creditor all requested documentation as required by the Creditor's First and/or Second Loss Mitigation Affidavits by the Initial Status Conference, the Creditor may seek

Page 3 of 5

termination of Loss Mitigation at the Initial Status Conference, provided that the Creditor files a *"Request to Terminate Loss Mitigation"* at least seven (7) days prior to the Initial Status Conference in accordance with the Loss Mitigation Program Procedures.

- At the Initial Status Conference, the Court may consider a Settlement reached by the Loss Mitigation Parties, or may adjourn the Initial Status Conference, as necessary.

8. **Within 30 days of the Initial Status Conference:**

   - <u>**Creditor Status Report:**</u> The Creditor shall file a status report indicating whether or not the Debtor is entitled to a loan modification. If a modification is offered, this status report shall set forth the terms and conditions thereof. If no determination has been made upon this loan, the status report shall include the name and phone number of the underwriter reviewing the file and the exact level of review of the loan. Failure to do so may result in the Court scheduling a date for Creditor, by a representative of same with full settlement and negotiation authority, to appear before it to explain why it has not provided to the Debtor with such information.

     - <u>**Appearance of Bank Representative:**</u> Should a representative of the Creditor be required to appear at any time during the Loss Mitigation, the Creditor shall file a letter designating the agent appearing before the Court upon ECF.

And it is further

**ORDERED,** that any matters that are currently pending between the Loss Mitigation Parties may be adjourned by the Court to the date of the Initial Status Conference to the extent those matters concern (1) relief from the automatic stay, (2) objection to the allowance of a proof of claim, (3) reduction, reclassification or avoidance of a lien, (4) valuation of a Loan or Property, (5) objection to confirmation of a plan of reorganization; or (6) any other matter so scheduled by the Court.

**ORDERED** that in a chapter 7 case, the entry of this Order automatically defers the entry of an order granting the Debtor's discharge until one day after an *"Order Terminating Loss Mitigation and Final Report"* is filed pursuant to Federal Rule of Bankruptcy Procedure 4004(c)(2). The time to object to the Debtor's discharge or the dischargeability of a debt is ***NOT*** extended by this Order; and it is further

**ORDERED**, that the time for each Creditor that is a Loss Mitigation Party in this case to file an objection to a plan of reorganization shall be extended until 14 days after the filing of an *"Order Terminating Loss Mitigation and Final Report."*

Dated:

                                BY THE COURT


                                _____
                                *United States Bankruptcy Judge*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____X        **AFFIDAVIT OF SERVICE**

In Re;                                          Case No.: 15-22312-rdd
                                                (Chapter 13)

Compton C. Maddux & Eve E. Mory                 Assigned to:
                                                Hon. Robert D. Drain

            Debtor                              Bankruptcy Judge
_____X

State of New York      )
County of Rockland     ) SS:
Village of Nyack       )

    I Compton C. Maddux & Eve E. Mory, being duly sworn, deposes and Says that we are over 18 years of age and resides in the Village of Nyack, New York

    That on the ___20___ Day of March, 2015, deponent served within the following Debtors Request for Loss-Mitigation, Chapter 13 plan and proposed Loss-Mitigation order. This was done by way of depositing true copies thereof, properly enclosed in a securely and duly postpaid envelope in a depository regularly maintained by the United States Postal Service located in Rockland County New York to the following;

**WILLIAM K. HARRINGTON**
**UNITED STATES TRUSTEE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**U.S. FEDERAL OFFICE BUILDING**
**201 VARICK STREET, SUITE 1006**
**NEW YORK, NY 10014**

**US Bankruptcy Court**
**Southern District of New York**
**300 Quarropas Street**
**Room 248**
**White Plains, NY 10601**

**Jeffrey L. Sapir, Esq., Chapter 13 Trustee**
**399 Knollwood Road, Suite 102**
**White Plains, New York 10603**

To The Officer of
BSI Financial Services
314 S. Franklin Street
2nd Floor
Titusville, PA 16354

Address for Notices
Gross Polowy LLC.
1775 Wehrle Drive #100
Buffalo, NY 14221

Department of the Treasury
Internal Revenue Service
Holtsville, NY 11742-0480

The Commissioner of
RC Department of Social Services
50 Sanatorium Rd Building L
Pomona, NY 10970

Ralph Gurrieri
Gina Gurrieri
41 Adelphi Ave.
Harrison, NY 10528

To The Officer of
Herb Lack Paints & Hardware
124 Main Street
Nyack, NY 10960

To The Officer of
Northeast Anesthesia
118 N. Bedford Road
Suite 200
MT. Kisco NY 10549

To The Officer of
Hudson Valley Radiology Assoc.
8 Squardron Blvd.
New City, NY 10956

To the Officer of
Verizon
140 West Street
New York NY 10007

To the Officer of
Nyack Hospital
160 N. Midland Ave.
Nyack, NY 10960

To The officer of
Capital One Financial Corporation
1680 Capital One Drive
McLean, VA 22102

*[signature]*

Compton C. Maddux
97 1st Ave.
Nyack, NY 10960
Phone 914-715-1310

Sworn to before me this 20 day of March 2015

*[signature]*
Notary
VIRGINIA MENSCHNER
Notary Public, State of New York
No. 2581050
Qualified in Rockland County
Commission Expires Sept. 30, 20__

*[signature]*

Eve E. Mory
97 1st Ave.
Nyack, NY 10960
Phone 914-715-1310

Sworn to before me this 20 day of March 2015

*[signature]*
Notary
VIRGINIA MENSCHNER
Notary Public, State of New York
No. 2581050
Qualified in Rockland County
Commission Expires Sept. 30, 20__